UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RON L. BROWN, | |
|     Plaintiff/Petitioner, | Case No. 2:10-cv-01843-KJD-LRL |
| v. | **AMENDED ORDER** |
| STATE FARM FIRE and CASUALTY COMPANY, | |
|     Defendant/ Respondent. | |

    Presently before the Court is Defendant's Motion to Dismiss Plaintiff's Claims for Breach of Fiduciary Duty, Breach of Regulation or Administrative Codes, and Vicarious Liability/Respondeat Superior and Motion to Strike Counsel or Pro Se Plaintiff (#5). Plaintiff filed a Response in opposition (#6) to which Defendant replied (#7).

**I. Procedural History**

    On October 21, 2010, Plaintiff filed the present Complaint (#1) against his insurance company, State Farm, asserting nine (9) causes of action: (i) Attempt to Interfere with Contractual Relations; (ii) Breach of Implied Covenant of Good Faith and Fair Dealing; (iii) Breach of Fiduciary Duty; (iv) Breach of Contract; (v) Breach of Statutory Duties; (vi) Breach of Regulatory or Administrative Codes; (vii) General and Compensatory Damages; (viii) Vicarious Liability/Respondeat Superior; (ix) Declaratory, Injunctive, and Other Supplemental Relief,

Including Punitive Damages.  Plaintiff's claims arose from Defendant's denial of Plaintiff's insurance claim after a car accident in which Plaintiff asserts he suffered neck and back pain and injuries.  Plaintiff's attorney George R. Carter, Esq., and Plaintiff Ron L. Brown both signed the Complaint.  Carter signed as lead counsel for Plaintiff and Brown signed as "co-counsel - Pro Se."

**II. Motion to Dismiss**

Pursuant to Fed. R. Civ. P. 12(b)(6), a court may dismiss a Plaintiff's complaint for "failure to state a claim upon which relief can be granted."  A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).  "Factual allegations must be enough to rise above the speculative level."  Twombly, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."  Iqbal, 129 S. Ct. at 1949 (internal citation omitted).

In Iqbal, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss.  First, the Court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth.  Id. at 1950.  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice.  Id. at 1949.  Second, the Court must consider whether the factual allegations in the complaint allege a plausible claim for relief.  Id. at 1950.  A claim is facially plausible when the Plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.  Id. at 1949.  Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief."  Id. (internal quotation marks omitted).  When the

claims in a complaint have not crossed the line from conceivable to plausible, Plaintiff's complaint must be dismissed. Twombly, 550 U.S. at 570.

### A. Breach of Fiduciary Duty Claim (Claim iii)

Defendant has moved to dismiss Plaintiff's claim alleging breach of fiduciary duty. Under Nevada law, an insurer's duty to its policy holder is akin to a fiduciary relationship, however, there is no separate cause of action for breach of fiduciary duty in an insurance carrier/insured context. Powers v. United Services Automobile Ass'n, 979 P.2d 1286 (Nev. 1998); see Martin v. State Farm Mut. Auto. Ins. Co., 960 F.Supp. 233 (D.Nev 1997); see Evanston Ins. Co. v. Robb Technologies, 2006 WL 1891134 (D. Nev. 2006). In Powers, the Nevada Supreme Court specifically held that although an insurer's duty to its policy holder is fiduciary in nature, it does not create a new cause of action for breach of fiduciary duty. Powers, 979 P.2d at 1288.

There being no cause of action for breach of fiduciary duty by Defendant to Plaintiff, Plaintiff's claim alleging breach of fiduciary duty fails to state a claim upon which relief can be granted and must be dismissed.

### B. Breach of Regulatory or Administrative Codes (Claim vi)

Defendant has also moved to dismiss Plaintiff's claim for breach of regulatory or administrative codes. Defendant argues that Plaintiff cannot bring this cause of action because the Nevada Department of Insurance ("NDOI") has exclusive jurisdiction over any matter where a party seeks compliance with the Insurance Code.

Under NRS 679B.120(3), the Nevada Insurance Commissioner has express authority to "[e]nforce the provisions of [the Nevada Insurance] Code." NRS 686A.015(1) grants the Insurance Commissioner "exclusive jurisdiction in regulating the subject of trade practices in the business of insurance in this state." Accordingly, when a party's allegations relate to the Commissioner's enforcement of Nevada insurance law, and "because the Legislature has set forth a comprehensive statutory scheme to remedy any failure of the Commissioner to act in accordance with statutory duties, . . . the NDOI has exclusive original jurisdiction over . . . any matter in which . . . a party

seeks to ensure compliance with the Insurance Code." Allstate Ins. Co. v. Thorpe, 170 P.3d 989 (Nev. 2007).

Here, Plaintiff's allegations of "breach of regulatory or administrative codes" relate to the Commissioner's enforcement of Nevada insurance law and Plaintiff seeks to have Defendant comply with the Insurance Code.[1]  Therefore, NDOI has exclusive original jurisdiction over this claim.

NRS 679B.310(1) permits the Commissioner to hold hearings for any purpose within the scope of the Insurance Code, Title 57.  Under NRS 679B.310(4), "[f]ailure to hold the hearing upon application therefor of a person entitled thereto as provided in this section constitutes a denial of the relief sought, and is the equivalent of a final order of the Commissioner on hearing for the purpose of an appeal pursuant to NRS 679B.370."  "Any person who was a party to a hearing or whose pecuniary interests are directly and immediately affected by any such refusal or failure, and who is aggrieved by the order, refusal or failure, may petition for judicial review in the manner provided by chapter 233B of NRS." NRS 679B.370(2).  Judicial review of a final order by the NDOI is appropriate if a party has exhausted all available administrative remedies before initiating a lawsuit. Thorpe, 170 P.3d at 993; NRS 679B.370(2).

Here, Plaintiff asserts that he did exhaust his administrative remedies.  On September 7, 2010, Plaintiff made a request upon the NDOI for a Title 57, Insurance Code, hearing and the NDOI has not acted on that request.  Plaintiff pled in his Complaint (#1) that the request was for the commissioner to address "Defendant's on-going violations of [Defendant's] statutory duties as enunciated under NRS 686A.310(1)(a)(b)(c)(e)(n)."  That pleading was under Plaintiff's second cause of action for breach of implied covenant of good faith and fair dealing, not the sixth cause of action for breach of regulatory or administrative codes which is the cause of action at issue here. Additionally, the request described in that pleading did not address any of the administrative or regulatory codes which Plaintiff asserts Defendant violated.  Therefore, Plaintiff has not exhausted

---

[1] Plaintiff alleges that Defendant violated NAC 686A.660(1), NAC 686A.670(1), NAC 686A.670(2), NAC 686A.675(1), and NAC 686A.675(7), all of which are within Nevada's insurance code.

4

any administrative remedies in regard to the alleged administrative or regulatory code violations and thus has no claim that can be judicially reviewed.

Plaintiff further contends that NAC 686A.600(3) gives Plaintiff a private cause of action for breach of administrative or regulatory codes because it implies NAC 686A.600(2) to 686A.690 are "mere extensions" of NRS 686A.310(1) [Nevada's Unfair Claim Practice Act]. This contention is inaccurate. In Thorpe, the Nevada Supreme Court clearly held that "the NDOI has exclusive original jurisdiction over [...] ***any*** matter in which [...] a party seeks to ensure compliance with the Insurance Code." Thorpe, 170 P.3d at 994 (emphasis added). Plaintiff is seeking for Defendant to comply with the Insurance Code and therefore does not have a private cause of action.

Therefore, because the NDOI has exclusive original jurisdiction over Nevada Insurance Code regulatory and administrative claims and Plaintiff has not adequately pled that he exhausted his administrative remedies, there is no cause of action for which relief can be granted and this claim must be dismissed.

**C.  Vicarious Liability/Respondeat Superior Claim (Claim viii)**

Defendant has moved to dismiss Plaintiff's claim for vicarious liability/respondeat superior. Defendant argues that as a matter of law it cannot be vicariously liable for the particular individuals Plaintiff named in the Complaint (#1).

Plaintiff asserts that Defendant is vicariously liable for the actions of Dr. Steven Sanders. Dr. Sanders is an independent medical agent who was hired by Defendant to perform a medical examination of Plaintiff.

Under Nevada law, a principal cannot be held liable for the tortious conduct of its independent agent. Hanneman v. Downer, 871 P.2d 279, 284 (Nev, 1994). This is because there is no "master and servant" relationship in which the latter is subject to the control of the former. Id. Here, the parties do not dispute that Dr. Sanders is an independent medical agent. Therefore, because the Defendant cannot be liable for the tortious conduct of its independent agent, Defendant is not liable for any alleged tortious conduct by Dr. Sanders. See id.

5

1  Plaintiff also asserts that Defendant is vicariously liable for the "unreasonable, negligent and
2  punitive conduct" of its "supervising or managing personnel or employees." (#1). Defendant's
3  "supervising or managing personnel or employees" are insurance claims adjusters and managers.
4  (#5).
5  The rule that has been followed in Nevada, which is the "majority rule on negligence of
6  individual claim adjusters," is that claim representatives, "do not owe a general duty of care to the
7  insured, and therefore cannot be held [personally] liable to the insured for negligence as a matter of
8  law." Silon v. American Home Assur. Co., 2009 WL 1090700 (D.Nev. 2009), citing Sanchez v.
9  Lindsey Morden Claim Servs., 72 Cal.App.4th 249, 253 (Cal.App. 1999).  Defendant importantly
10 and correctly points out that it acts through its claim adjusters and managers and, that if there is any
11 exposure arising out of the course/scope of employment of its employees, then Defendant would be
12 responsible.
13 Therefore, because Defendant's insurance claim representatives cannot be held individually
14 liable for negligence to the insured, the Defendant cannot be held "vicariously liable" for the those
15 representatives.  The claims for breach of contract, bad faith and alleged violations against State
16 Farm are legally sufficient. Accordingly, the separate claim of vicarious liability must be dismissed.
17 **III. Motion to Strike Counsel or Pro Se Plaintiff**
18 Plaintiff's attorney George R. Carter, Esq. ("Carter"), and Plaintiff Ron L. Brown both signed
19 the present Complaint (#1). Carter signed as lead counsel for Plaintiff and Brown signed as "co-
20 counsel - Pro Se." Defendant has requested that the Court either strike Carter as Plaintiff's counsel,
21 or strike Plaintiff as pro se counsel.  Plaintiff argues that he has a right to represent himself as "co-
22 counsel - pro se" and retain Carter as lead counsel because Nevada Supreme Court Rule ("SCR") 44
23 allows a litigant to appear on his own behalf.
24 Plaintiff is correct that SCR 44 allows a litigant to appear on his own behalf.  However, it
25 says nothing with regard to a plaintiff who has also retained counsel.  Rather, it is within the District
26 Court's discretion to deny a request for self-representation with co-counsel because a pro se litigant

6

does not have a right to such "hybrid representation." Tyler v. Borg, 29 F.3d 634 (9th Cir. 1994); citing McKaskle v. Wiggins, 465 U.S. 168, 183 (1984); Adams v. Carroll, 875 F.2d 1441, 1445 (9th Cir. 1989); United States v. DeGeorge, 178 Fed.Appx. 764 (9th Cir. 2006).  In DeGeorge, the defendant argued that the district court erred in not allowing him to act both as pro se - co-counsel and to have private counsel.  DeGeorge, 178 Fed.Appx. at 766.  The Ninth Circuit reviewed the district court's decision for abuse of discretion and found that there was no such discretionary error. Id.  Thus, the district court appropriately denied the hybrid representation.  Id.

Here, like the district court in DeGeorge, the Court denies Plaintiff from continuing with his hybrid representation.  See DeGeorge, 178 Fed.Appx. at 766.  The Court has reviewed the docket and finds no necessity for allowing Plaintiff to proceed as co-counsel - pro se.  Plaintiff has not asserted that Carter, as lead counsel, is merely assisting Plaintiff with procedural matters.  Rather, being lead counsel implies that Carter is acting in full capacity as Plaintiff's private attorney. Additionally, there is no indication that Carter is unable to represent Plaintiff effectively.  In order for Carter to cease being Plaintiff's attorney and for Plaintiff to proceed pro se, Carter may withdraw as counsel in accordance with the Local Rule IA 10-6.  Accordingly, Defendant's Motion to Strike Plaintiff as Pro Se - Co-Counsel (#5) should be granted.

**IV. Conclusion**

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Breach of Fiduciary Duty Claim  (#5) is **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Breach of Regulatory or Administrative Codes (#5) is **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Vicarious Liability/Respondeat Superior Claim (#5) is **GRANTED**;

////

////

////

Finally, **IT IS ORDERED** that Defendant's Motion to Strike Pro Se Plaintiff (#5) is **GRANTED**.

DATED this 7th day of June 2011.

_____
Kent J. Dawson
United States District Judge